IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| LAWRENCE GENE PORTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| V. | ) | CIVIL ACTION NO. |
| | ) | 1:15-CV-007-BL |
| LORIE DAVIS, Director, | ) | |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
| | ) | |
| Respondent. | ) | Assigned to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

This case has been assigned to the United States Magistrate Judge under Amended Special Order No. 3-301, but as all parties have not filed a consent to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c), the undersigned magistrate judge issues this report and recommendation pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. Afer review and consideration of the § 2254 petition and the applicable law, the Court should dismiss the petition for lack of exhaustion, and alternatively, deny the petition on the merits.

**I.   BACKGROUND**

Petitioner Lawrence Gene Porter, an inmate currently incarcerated in the Texas Department of Criminal Justice, acting *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on January 28, 2015. Petitioner also responded to a Court questionnaire, and filed a document construed as a supplement to the § 2254 petition. (Docs. 12, 13.) In response to a Court order, the respondent filed an answer to Petitioner's § 2254 action as supplemented, and Petitioner then filed a reply.

Porter challenges the Director's custody of him pursuant to a judgment and sentence of the 372nd District Court of Tarrant County, Texas, in cause number 1120878D, styled *The State of*

*Texas v. Lawrence Gene Porter.* *See Ex parte Porter,* No. WR-40,403-05 at 55-56; Doc. No.18-2, at 62-63.[1] Porter was charged by indictment with two counts of aggravated assault with a deadly weapon, with an enhancement paragraph alleging a prior conviction for aggravated assault with a deadly weapon. Doc. 18-2, at 42-43. On December 12, 2008, pursuant to Porter's plea of guilty to one count of aggravated assault with a deadly weapon, and his plea of true to the enhancement paragraph, the court deferred a finding of guilt, and placed Porter on 10 years' community supervision. *Id.* at 46-47 (unadjudicated judgment), 49–50 (conditions of community supervision). On February 5, 2014, after being fully admonished, Porter pled true to the allegations contained in the State's Second Petition to Proceed to Adjudication. *Id.* at 44–45 (admonishments and plea of true), 60-61 (State's Petition). The court entered a finding of guilt, and sentenced Porter to 5 years' imprisonment, with time credited for several different periods in 2008, 2009-10, 2011, 2012, and 2014--totaling 662 days credited for time served. *Id.* at 62-63. Porter waived his right to appeal. *Id.* at 53.

Porter filed an application for state writ of habeas corpus challenging the calculation of his sentence on June 6, 2014. *Id.* at 5-21. The Court of Criminal Appeals ("CCA") dismissed the application for state writ of habeas corpus as improperly filed on August 13, 2014. *Ex parte Porter*, No. WR-40,403-05, at cover. That document expressly read: "DISMISSED, APPLICANT IS REQUESTING PRE-SENTENCE JAIL TIME CREDIT. *See Ex parte Florence,* 319 S.W. 3d 695 (Tex. Crim App. 2010); *Ex parte Ybarra,* 149 S.W. 3d 147 (Tex. Crim. App. 2004).

## II.  ISSUES

Petitioner raises the following grounds for relief:

---

[1] The Clerk's Record of pleadings and documents filed with the court during Petitioner's fifth state habeas corpus proceeding, *Ex parte Porter,* WR-40,402-05, are imaged on the docket of this case at ECF 18-1 through 18-2. The Court cites to the ECF assigned page numbers.

    1. Pursuant to Rule 23, he should receive pre-sentence credit in cause number 1120878D for the following time periods: July 15, 2010 through October 23, 2010, August 14, 2012 through November 12, 2012, and August 26, 2011 through September 21, 2011; and

    2. Pursuant to Texas Code of Criminal Procedure, article 42.12, section 14(C)(D), he should receive credit in cause number 1120878D for the time he spent completing "SAFP," the "continuum treatment plan," and "V.O.A."

(Doc. 1, at 3–4, 6.)

### III.    ANALYSIS/EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). For purposes of exhaustion, the CCA is the highest court in the state which has jurisdiction to review a petitioner's conviction. Tex. Code Crim. Proc. Ann. art. 44.45; *Richardson*, 762 F.2d at 431. To proceed before that court on a pre-sentence time credit claim, a writ of mandamus must be filed. *Ex parte Florence*, 319 S.W.3d 695, 696 (Tex. Crim. App. 2010).

The exhaustion doctrine, codified at 28 U.S.C. § 2254(b), (c), is based on principles of comity between the state and federal judicial systems and "reflects a desire to 'protect the state courts' role in the enforcement of federal law.'" *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). Furthermore, the Supreme Court and the Fifth Circuit Court of Appeals have consistently adhered to this doctrine. *See, e.g., Rose*, 455 U.S. at 509; *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Bufalino v. Reno*, 613 F.2d 568, 569 (5th Cir. 1980);

3

*Canet v. Turner*, 606 F.2d 89, 91 (5th Cir. 1979). In order to satisfy the exhaustion requirement, the petitioner must have not only presented his claims to the highest state court, but he must have presented them in a procedurally correct manner. *Castille*, 489 U.S. at 351. In other words, a habeas applicant must give the state courts a fair opportunity to review his claims in a procedural context in which the state courts will be certain to review his claims solely on their merits. *Id.*

Here, Porter's state habeas petition, in which he challenged the calculation of his sentence, was dismissed for failure to follow the proper procedure to resolve his claim. See *Ex parte Porter*, No. WR-40,403-05, at cover (citing *Ex parte Florence*, 319 S.W.3d at 696; *Ex parte Ybarra*, 149 S.W.3d 147 (Tex. Crim. App. 2004)). In *Ex parte Florence*, 319 S.W.3d at 696, the CCA stated,

> Pre-sentence time credit claims typically must be raised by a motion for judgment *nunc pro tunc* filed with the clerk of the convicting trial court . . . [i]f the trial court denies the motion for judgment nunc pro tunc or fails to respond, relief may be sought by filing an application for writ of mandamus in a court of appeals . . . [i]f the court of appeals denies the application, as in this case, relief may be sought by filing an application for writ of mandamus in this Court. The applicant did not use that procedure. Instead he has sought relief by a post-conviction writ of habeas corpus under Article 11.07.

*Ex parte Florence*, 319 S.W. 3d at 696 (citations and footnotes omitted). Because Porter's petition was dismissed, the CCA did not review his claim on the merits. *Ex parte Torres*, 943 S.W. 2d 469, 472 (Tex. Crim. App. 1997) (holding a "denial" signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than its merits). Furthermore, he did not then follow the procedure mandated for the presentation of such a claim to the Court of Criminal Appeals under Texas law. Therefore, Porter's claims challenging the calculation of his sentence are unexhausted.

Moreover, Porter has not claimed or provided no evidence that these state corrective processes are ineffective to protect his rights such that the requirement to exhaust state remedies would be excused. 28 U.S.C. § 2254(b)(1)(B)(ii). Accordingly, Porter's claims in this suit should

4

be dismissed without prejudice as unexhausted so that Porter may properly exhaust his claims pursuant to *Ex parte Florence*, 319 S.W.3d at 696. 28 U.S.C. § 2254(b)(1).

## IV. ALTERNATIVELY, PORTER'S CLAIMS ARE NOT COGNIZABLE

Porter contends that he was improperly denied over 200 days of pre-sentencing credit for time he was detained and time he spent completing "SAFPP," the "continuum treatment plan," and "V.O.A." (Doc. 1, at 6.) Notwithstanding Porter's failure to exhaust the remedies available in the courts of the State, this Court may proceed to deny relief on the merits of his unexhausted claims. 28 U.S.C. § 2254(b)(2); *Neville v. Dretke*, 423 F.3d 474, 482 (5th Cir. 2005). After review of Porter's claims for pre-sentence credit on the merits, such claims must be denied because Porter fails to state a valid basis for federal habeas relief.

The Fifth Circuit has held that "there is no absolute constitutional right to pre-sentence detention credit." *Jackson v. Alabama*, 530 F.2d 1231, 1237 (5th Cir. 1976). The exception is: "where a person is held for a bailable offense and is unable to make bail due to indigency, then *if* he is upon *conviction sentenced to the statutory maximum imposable sentence for the offense* he is entitled to credit for the time spent in jail prior to sentencing." *Id.* (citations omitted) (emphasis added). The exception applies only when an offender receives the maximum sentence because when the offender receives a lesser sentence, there exists a presumption that the sentencing body took pre-sentence jail time into consideration. *Id.* at 1236 (citation omitted). Hence, to the extent a petitioner asserts he has been deprived of pre-sentence jail time credit, he fails to state a cognizable claim on federal habeas review unless the exception applies. *Id.* at 1237.

Here, Porter claims that he is owed over 200 days of pre-sentence time credits. (Doc. 1, at 6–7.) In this case, however, Porter was not sentenced to the statutory maximum. Porter pled guilty to the second degree felony of aggravated assault with a deadly weapon, and pled true to the

5

enhancement paragraph, alleging a prior conviction for aggravated assault with a deadly weapon. (Doc. 18-2, at 46-47.) Under Texas Penal Code § 12.42(b), other than for exceptions not applicable to Porter's conviction, "[i]f it is shown on the trial of a felony of the second degree that the defendant has previously been finally convicted of a felony other than a state jail felony punishable under Section 12.35(a), on conviction, the defendant shall be punished for a felony of the first degree." (West Supp. 2016.) Under Texas Penal Code § 12.32(a), "[a]n individual adjudged guilty of a felony of the first degree shall be punished by imprisonment in the Texas Department of Criminal Justice for life or for any term of not more than 99 years or less than 5 years." (West 2011). Porter was sentenced to five years imprisonment, substantially less than the maximum possible sentence of 99 years. (Doc. 18-2, at 62-63.) Because Porter did not receive the maximum sentence in this case, he does not fall within the exception. Consequently, the instant petition fails to state a cognizable claim on federal habeas review, and alternatively, must be denied.

## V.     MOTION FOR RESTITUTION

Petitioner has also filed a motion entitled "Motion for Leave to File and Petition for Restitution with Memorandum." (Doc. 29, at 2-3.) By the motion, Porter continues to raise arguments that he is entitled to the sentence credit, and should have now been released from incarceration, and should be entitled to "restitution" for each day he has served passed the date he believes should have been his sentence-discharge date. (Doc. 29, at 2-3.) Because Petitioner Porter is not entitled to relief in this proceeding, such motion should also be denied.

## VI.     RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that the petition for writ of habeas corpus under § 2254 be **DISMISSED** for lack of exhaustion, and alternatively, be **DENIED**. It is further **RECOMMENDED** that the motion for leave to file and petition for restitution (doc. 29) be

**DENIED**.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law.

Any party may object to this Report and Recommendation. A party who objects to any part of this Report and Recommendation must file specific written objections within fourteen (14) days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and identify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. The failure to file specific written objections will bar the aggrieved party from attacking on appeal the factual findings, legal conclusions, and recommendation set forth by the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 631(b)(1) (extending the time to file objections from ten to fourteen days), *as recognized in ACS Recovery Servs., Inc. V. Griffin*, 676 F.3d 512, 521 n. 5 (5th Cir. 2012).

SO ORDERED.

Signed October 11, 2016.

_____
E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE